LAW OFFICE OF

# ELIZABETH EILENDER

225 BROADWAY, 24TH FLOOR
NEW YORK, NEW YORK 10007
(212) 227-2780

ADMITTED TO
NY, NJ & CT BARS
EEILENDER@LAWJAROS.COM

January 7, 2011

***Via E-Filing***
Magistrate Judge Madeline C. Arleo
Martin Luther King, Jr. Federal Building and U.S. Courhouse
50 Walnut Street
Newark, New Jersey 07101

Re:   ***American General v. Teller Family, et al.***
      ***Docket no. 2:10-cv-05604-SDW-MCA***

Dear Magistrate Arleo:

We represent the defendants in the above matter.

We believe the appropriate venue for this action is the Eastern or Southern Districts of New York. We asked plaintiff's counsel to stipulate to change venue and they have refused. We request the court's guidance on when to bring on a motion to dismiss on the grounds of lack of personal jurisdiction in the State of New Jersey and improper venue. These defenses were properly preserved in defendants' Answer. See, **Bro-Tech Corp. v. Purity Watercompany**, 2008 U.S. Dist. LEXIS 31541. A copy of the Court's decision is annexed hereto.

We had intended to raise this during the February 7th Rule 16(a) conference but if the Court prefers for the motion to be made prior to that date we will do so.

We also request the Court's guidance as to whether this motion should be made returnable before Your Honor or Judge Susan D. Wigenton.

Respectfully submitted,

Elizabeth Eilender
Enc.

cc:  *Via e-filing and e-mail:*   Jessica Wilson, Esq. Edison, Mc Dowell & Hetherington LLP
                                  Kevin Haas, Esq. Cozen O'Connor

BRO-TECH CORP. d/b/a/ THE PUROLITE COMPANY v. PURITY WATERCOMPANY OF SAN ANTONIO, INC.
CIVIL ACTION NO. 08-371

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OFPENNSYLVANIA

2008 U.S. Dist. LEXIS 31541

April 16, 2008, Decided
April 17, 2008, Filed

COUNSEL: [*1]For BRO-TECH CORPORATION doing business as THE PUROLITE COMPANY, Plaintiff: BRUCE L. THALL, LEAD ATTORNEY, SPECTOR GADON & ROSEN PC, PHILA, PA.

For PURITY WATER COMPANY OF SAN ANTONIO, INC., Defendant: BERNARD E. KUENY, III, LEAD ATTORNEY, HADDONFIELD, NJ; DEENA RENEE TYLER, LEAD ATTORNEY, SATTERWHITE & ERWIN LLC, MOBILE, AL; HARRY V. SATTERWHITE, SATTERWHITE & ERWIN, LLC, MOBILE, AL.

JUDGES: MARY A. McLAUGHLIN, J.

OPINION BY: MARY A. McLAUGHLIN

OPINION

MEMORANDUM & ORDER

McLaughlin, J.

The plaintiff has filed a breach of contract action against the defendant, alleging non-payment. The defendant moves to dismiss the action without prejudice because of improper venue. The Court will grant the defendant's motion to dismiss without prejudice.

I. Facts

The plaintiff, Bro-Tech Corporation (doing business as Purolite) manufactures polymers and resins used to filter and purify substances by removing contaminants. One of the plaintiff's products is PD-206, a resin used for the final treatment of biodiesel fuel. The defendant, Purity Water Company of San Antonio, is a purification company. The defendant contracted with a third party, Vertex Energy, Inc., to purify approximately two million gallons of biodiesel in Mobile County, [*2]Alabama. The defendant entered into a subcontract with the plaintiff to provide PD-206 to purify the fuel. The defendant purchased 43,420 pounds of PD-206 in three shipments for $221,916.00. Freight charges took the total to $230,611.00. The defendant does not contest the amount of the bill or the fact that it has not paid the plaintiff for the product. Compl. PP 13, 14, 17, 25, 26; Def.'s Br. at 1.

The defendant claims to have performed its obligations under the contract to Vertex but has received only partial payment. It has filed its own breach of contract suit in state court in Mobile County, Alabama, alleging that Vertex owes it 351,193.89. Def.'s Br. at 3.

II. Timeliness

The plaintiff filed its complaint in the Eastern District of Pennsylvania on January 24, 2008 and served it on the defendant on February 4, 2008. The defendant filed an answer on February 22, 2008, in which its first affirmative defense was that venue was improper. On March 20, 2008, the defendant filed a Motion to Dismiss Without Prejudice, or, in the Alternative, Motion to Stay Proceedings, in which it argued that venue was not proper in the Eastern District of Pennsylvania.

The plaintiff claims that the motion [*3]is untimely and moot because the defendant filed its motion after it filed its **answer.** The defendant says that it has **preserved** its **venue** argument by including it as an affirmative defense.

*Fed. R. Civ. P. 12(b)* says that a motion to dismiss for improper venue must be made before pleading if a responsive pleading is allowed. According to Wright and Miller, federal courts have allowed untimely 12(b) motions if the defense has been previously included in the answer. 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1361 n.7 (3d ed. 2004).

Courts in the Third Circuit have held that a rigid interpretation of the timeliness rule is improper and that courts have the discretion to look beyond technical

deficiencies to the substance of the motion. See *Molnlycke Health Care AB v. Dumex Med. Surgical Prods. Ltd., 64 F. Supp. 2d 448, 449 & n.1 (E.D. Pa. 1999)* (rejecting the plaintiff's argument that a motion to dismiss filed after an answer was untimely when the answer included lack of venue, lack of personal jurisdiction, and failure to state a claim as affirmative defenses); *Trustees of the Univ. of Pa. v. Mayflower Transit, Inc., No. 97-1111, 1997 U.S. Dist. LEXIS 14577, 1997 WL 598001, at \*1-2 &amp; n.1 (E.D. Pa. Sept. 16, 1997)*[\*4] (treating a *12(b)(6)* motion filed after the answer as a motion for judgment on the pleadings under *Rule 12(c)*); *Martin v. Del. Law Sch. of Widener Univ., 625 F. Supp. 1288, 1296 n.4 (D. Del. 1985)* (considering the defendant's motion to dismiss for lack of personal jurisdiction and improper venue when the defendant had properly raised those defenses prior to filing the motion to dismiss); *In re Arthur Treacher's Franchisee Litig., 92 F.R.D. 398, 414 (E.D. Pa. 1981)* (rejecting a "literal and restrictive interpretation" of *Rule 12(b)* and holding that when the defendant had raised a *12(b)* defense in an answer before filing a motion to dismiss on that ground, the motion was not removed from the Court's consideration).

The Court agrees with these other courts and rejects the plaintiff's argument for a strict interpretation of *Fed. R. Civ. P. 12(b)*. Although the defendant filed the motion after answering the complaint, the **answer** included improper **venue** as the first affirmative defense. The defendant has **preserved** the right to assert improper venue in the motion to dismiss.

The plaintiff also argues that the motion is untimely because it was filed more than twenty [\*5]days after service of the complaint. Improper venue was raised in the answer, which was timely filed. The plaintiff has not been prejudiced by the filing of the motion to dismiss for improper venue. The Court, therefore, will consider Purity Water's motion to dismiss.

III. Motion to Dismiss for Improper Venue

The Court's jurisdiction over this case is based upon diversity of citizenship. The plaintiff is a Delaware corporation with a principal place of business in Bala Cynwyd, Pennsylvania. The defendant is a Texas corporation with its principal place of business in San Antonio, Texas. n1 The parties are diverse and the amount in controversy is greater than $75,000.00, and this Court has jurisdiction pursuant to *28 U.S.C. § 1332*. The parties agree that *28 U.S.C. § 1391(a)(2)* governs venue. It states: "a) A civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought only in . . . 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject of the action is situated."

- - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - -

n1 The complaint names another defendant, VQuip, Inc., a Canadian corporation. [\*6]VQuip was voluntarily dismissed by the plaintiff on March 31, 2008 (Docket No. 12).

- - - - - - - - - - - -End Footnotes- - - - - - - - - - - -

In the Third Circuit the defendant bears the burden of establishing that venue is improper. *Myers v. Am. Dental Ass'n, 695 F.2d 716 (3d Cir. 1982)* cert. denied, *462 U.S. 1106, 103 S. Ct. 2453, 77 L. Ed. 2d 1333 (1983)*; *Simon v. Ward, 80 F. Supp. 2d 464, 468 (E.D. Pa. 2000)*. Acts or omissions must be more than "tangentially" connected to qualify as substantial under *section 1391(a)(2)*. *Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994)*.

The defendant argues that venue is not proper in the Eastern District of Pennsylvania, because the breach of contract occurred in Alabama and the property that is subject to the conversion, constructive trust, and unjust enrichment claims is located there. The plaintiff contends that venue is proper because its headquarters and home office are located in the Eastern District of Pennsylvania and the goods at issue were shipped FOB Philadelphia. Def.'s Br. at 4; Compl. P 10.

In determining whether a substantial part of the events or omissions giving rise to a contract claim occurred in the district, courts consider: where the contract was negotiated or executed; where it was performed; [\*7]and where breach occurred. 14D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3806.1 (3d ed. 2004). There can be more than one district in which a substantial part of the events giving rise to the claim occurred. Id. n.9; see also *Becker v. DPC Acquisition Corp., No. 00-1035, 2001 U.S. Dist. LEXIS 2502, 2001 WL 246385, at \*2 (S.D.N.Y. Mar. 13, 2001)*.

The defendant points out that all three orders for the PD-206 originated outside of the Eastern District (in Texas and Alabama), were placed with salesmen outside of the Eastern District (in Texas and Alabama), and were shipped to Mobile County, Alabama. The plaintiff has manufacturing plants all over the world, so it is unknown where the PD-206 at issue was manufactured or distributed from, but the plaintiff traveled to Alabama to provide advice about the proper use of the product. According to the defendant, the PD-206 failed to perform properly in Mobile County. Def.'s Br. at 3-4.

The plaintiff claims that venue is proper because it is based in Bala Cynwyd, within the Eastern District, and all of its executive and back office functions are authorized, directed, and/or performed in the home office. These functions include setting prices, [*8]approving orders, sending invoices, receiving payments, and directing the manufacture of products like the PD-206 at issue here. Pl.'s Opp. at 9.

The plaintiff claims that the contract at issue was entered into and approved in the Eastern District of Pennsylvania, but the defendant placed its orders in Texas and Alabama, through salesmen based in Texas and Alabama. Almost every act or omission giving rise to the claim took place outside of the Eastern District of Pennsylvania: the origination of orders; the placement of orders; the destination of the product; the manufacture of the product; and the alleged failure of the product to perform (and therefore a breach of the contract).

The plaintiff cites *Dollar Stores of Am., Inc. v. Petrusha*, No. 01-384, 2001 U.S. Dist. LEXIS 10877, 2001 WL 881725 (E.D. Pa. Apr. 25, 2001) in support of its argument that venue is proper in the Eastern District of Pennsylvania. In Petrusha, the execution of franchise agreements, the dissemination of proprietary business information, the review and approval of the defendants' franchise applications, and training of franchisees all took place within the forum. In that case, the acts giving rise to the claim were much more closely connected [*9]to the forum than they are in this case.

The plaintiff lists its administrative and executive functions in Pennsylvania in support of its contention that venue is proper in this district. Having a headquarters in a particular district does not automatically make venue proper there. See *ABN Amro Sage Corp. v. Cohen*, No. 03-3556, 2003 U.S. Dist. LEXIS 15380, 2003 WL 22057449, at *5 (N.D. Ill. Sept. 3, 2003) (holding that the location of the plaintiff's principal place of business in the district was not sufficient for proper venue there); *Fin. Mgmt. Servs., Inc. v. Coburn Supply Co.*, No. 02-8928, 2003 U.S. Dist. LEXIS 1631, 2003 WL 255232, at *2-3 (N.D. Ill. Feb. 5, 2003) (holding that venue does not rest on the harm allegedly suffered by the plaintiff at its headquarters in the district). The executive and administrative functions of the plaintiff's headquarters in the Eastern District of Pennsylvania are not a substantial part of the events or omissions giving rise to the plaintiff's claim.

The Court concludes that venue is improper. The defendant has not moved to transfer venue, and the Court will dismiss the case without prejudice.

An appropriate Order follows.

ORDER

AND NOW, this 16th day of April, 2008, upon consideration of the defendant's [*10]Motion to Dismiss Without Prejudice, or, in the Alternative, Motion to Stay Proceedings (Docket No. 11), and the opposition and reply thereto, IT IS HEREBY ORDERED that the Motion is GRANTED. The case is dismissed without prejudice.

BY THE COURT:

/s/ Mary A. McLaughlin

MARY A. McLAUGHLIN, J.