# E M H

Edison, McDowell
& Hetherington LLP

Phoenix Tower
3200 Southwest Freeway
Suite 2100
Houston, Texas 77027
www.emhllp.com

Jessica L. Wilson
Attorney-at-Law
Ph (713) 337-5584
Fax (713) 337-8844
jessica.wilson@emhllp.com

July 18, 2011

*Via ECF*

Hon. Susan D. Wigenton
United States District Judge
United States District Court for the
    District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
Courtroom 5C
50 Walnut Street
Newark, NJ 07101

Re:   Civil Action No. 2:10-cv-05604-SDW-MCA; *American General Life Insurance Company v. Teller Family Irrevocable Trust VI, by and through its trustee, Gerson Sontag a/k/a Gershon Sontag, and Teller Family Irrevocable Trust VII, by and through its trustee, Bezalel Bernstein a/k/a Btalel Bernstein*; In the United States District Court for the District of New Jersey.

Dear Judge Wigenton:

This letter is in response to a July 14, 2011, letter from counsel for Defendants requesting the Court's consideration of certain evidence for a motion to dismiss filed nearly six months ago on January 25, 2011 [document 14]. Defendants request the Court to consider several documents "discovered" by defense counsel while "reviewing some documents that American General produced . . ." Plaintiff American General Life Insurance Company ("American General") objects to the Court's consideration of this evidence.

Defendants filed their motion to dismiss on January 25, 2011. Plaintiff produced the documents in question on February 3, 2011 (more than a month before Defendants filed their March 7, 2011, reply in support of the motion to dismiss). Yet, Defendants waited five and a half months to bring this evidence to the Court's attention. Defendants offer no excuse for this delay.

Further, L.Civ.R. 7.1(d)(1) states that "No application will be heard unless the moving papers and a brief, prepared in accordance with L.Civ.R. 7.2, and proof or acknowledgment of service on all other parties, are filed with the Clerk at least 24 days prior to the noticed motion day." The motion day in this case was March 7, 2011. In addition, any papers in reply "must be filed with the Clerk at least seven days prior to the motion day." L.Civ.R. 7.1(d)(3).[1] Had Defendants

---

[1] The Court allowed Defendants to file a reply on March 7, 2011 [document 24].

**Houston ◆ Dallas/Fort Worth ◆ Austin**

Hon. Susan D. Wigenton
July 18, 2011
Page 2

diligently reviewed the materials produced on February 3, 2011, they could have included the evidence in question with their reply papers, as required by the Local Rules. They did not.

Finally, the Local Rules do not permit submission of additional evidence in the form of a letter to the Court; in fact, the Local Rules specifically prohibit sur-replies without obtaining prior permission from the Court. L.Civ.R. 7.1(d)(6).[2] The Local Rules go on to state that "[t]he Court may reject any brief or other paper not filed within the time specified." L.Civ.R. 7.1(d)(7).

For these reasons, American General respectfully requests that this Court reject Defendants' July 14, 2011, letter, and request to submit additional evidence in support of their motion to dismiss, on the grounds that the request is untimely and improper.

Respectfully submitted,

Edison, McDowell & Hetherington LLP

Jessica L. Wilson

cc:  *Via Email*
Ms. Elizabeth Eilender
Law Office of Elizabeth Eilender
225 Broadway, 24th Floor
New York, NY 10007

Christopher Raleigh
Cozen O'Connor
45 Broadway, 16th Floor
New York, NY  10006

*Firm*
Mr. David T. McDowell

---

[2] To the extent Defendants' July 14, 2011, letter cannot be considered a "sur-reply" because Defendants are the moving party, American General suggests the Local Rules impliedly prohibit all additional briefing after the motion has been fully briefed and submitted to the Court.